No. 24-40533

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

ENERGY TRANSFER LP AND ITS SUBSIDIARY AND EMPLOYING ENTITY LA GRANGE ACQUISITION, L.P.,
*Plaintiffs-Appellees,*

v.

NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE AGENCY, JENNIFER ABRUZZO, IN HER OFFICIAL CAPACITY AS THE GENERAL COUNSEL OF THE NATIONAL LABOR RELATIONS BOARD, LAUREN M. MCFERRAN, IN HER OFFICIAL CAPACITY AS THE CHAIRMAN OF THE NATIONAL LABOR RELATIONS BOARD, MARVIN E. KAPLAN, GWYNNE A. WILCOX, AND DAVID M. PROUTY, IN THEIR OFFICIAL CAPACITIES AS BOARD MEMBERS OF THE NATIONAL LABOR RELATIONS BOARD, AND JOHN DOE IN THEIR OFFICIAL CAPACITY AS AN ADMINISTRATIVE LAW JUDGE OF THE NATIONAL LABOR RELATIONS BOARD,
*Defendants-Appellants.*

On Appeal From The United States District Court for the Southern District of Texas No. 3:24-cv-001098, Judge Jeffrey V. Brown

**PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION FOR EXTENSION OF TIME**

Amber M. Rogers
Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000
*Counsel for Plaintiffs-Appellees*

# RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION FOR EXTENSION OF TIME

In accordance with Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 31.4, Appellees Energy Transfer LP and its subsidiary and employing entity La Grange Acquisition, L.P. (collectively, "Appellees") submit this response to Appellants' Partially Opposed Motion for Extension of Time and would respectfully show the Court as follows:

This appeal was filed on August 16, 2024 concerning the Memorandum Opinion and Order entered on July 29, 2024 by Judge Jeffrey Brown in the Southern District of Texas granting the preliminary injunction sought by Appellees. On August 21, 2024, Appellees agreed to stay the underlying district court proceedings pending the outcome of this appeal. Then, on August 26, 2024, Appellants stated they intended to file a motion to stay the proceedings in this appeal, "pending the resolution of the 5th Circuit appeal in *SpaceX v. NLRB* (*SpaceX I*) (24-40315)." On September 3, 2024, Appellees notified Appellants that they opposed the motion because it had recently agreed to stay the district court proceedings based on Appellants representing that such a stay was related to them seeking an appeal. Appellees further stated that if Appellants actually had no intention of proceeding forward with an appeal, "that should have been disclosed before [Appellants] inquired about staying the district court case." Appellants did not file the motion to stay this appeal.

Now, Appellants again seek to delay processing the appeal they filed against Appellees. Appellants have at least four attorneys of record listed on its most recent pleading: David Boehm, Michael Dale, Paul A. Thomas, and Tyler Wiese. The "numerous other litigation deadlines" Appellants reference do not warrant a three-week delay. Despite Rule 31.4.2 stating "[a]s a justification for extensions, generalities, such as that the purpose of the motion is not for delay or that counsel is too busy, are not sufficient", Appellants essentially argue that they are too busy to timely submit their brief in this case. The explanations do not include a description of any effort to defer the other litigation, an explanation of why the other litigation should receive priority over the case at hand, or other relevant circumstances, including why other associated counsel cannot prepare the brief or relieve Appellants' counsel of the other litigation. For instance:

– *Aguila Food Dist. LLC v. NLRB*: Appellant did not include a case number, yet claims that a brief is due on October 3, 2024. There are two attorneys of record that have entered appearances in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why these attorneys could not relieve their obligations in the *Aguila* matter.

– *Alivio Medical Center v.* Abruzzo, 1:24-cv-07217 (N.D. Il.): The FRCP 12 motion/answer is due <u>a month after</u> this brief, so it is unclear why it would interfere with writing this brief. A Chicago Assistant United States Attorney has also entered an appearance in this matter, representing the same parties as Appellants' counsel. Appellants' counsel have not explained why the associated counsel could not relieve their obligations in the *Alivio* matter.

– *Amazon.com Services LLC v. NLRB*, No. 5:24-cv-01000 (W.D. Tex) and *Amazon.com Services LLC v. NLRB*, No. 24-50761 (5th Cir.): These cases have been stayed, thus it is unclear how they interfere with timely filing the brief in

3

this case. There are currently no briefs due in the Fifth Circuit case. There are two attorneys of record that have entered appearances in these matters—as well as ten additional attorneys of record for proposed intervenors—aside from those that have entered appearances here. Appellants' counsel have not explained why these attorneys could not relieve their obligations in the *Amazon.com* matters.

– *Ascension Seton d/b/a Ascension Section Medical Center Austin v. NLRB*, No. 6:24-cv-485 (W.D. Tex.): Counsel is supervising, not actually drafting briefing, and the motion to transfer has already been filed. Appellants' counsel have not entered notices of appearance in this matter, nor have they explained why the appearing attorneys could not relieve their obligations in the *Ascension* matter.

– *Associated Builders and Contractors of Mich. V. Abruzzo*, No. 23-1803 (6th Cir.): There is at least one attorney of record that has entered an appearance in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why this attorney could not relieve their obligations in the *Associated Builders* matter.

– *Burnett Specialists, et al. v. Abruzzo*, No. 23-40629 (5th Cir.): There are three attorneys of record that have entered appearances in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why these attorneys could not relieve their obligations in the *Burnett* matter.

– *HealthBridge Mgmt., et al.*, 34-CA-070823, et al. (NLRB): There are three attorneys of record that have entered appearances in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why these attorneys could not relieve their obligations in the *HealthBridge* matter.

– *Space Expl. Techs. Corp v. NLRB*, No. 24-50627 (5th Cir.): Appellants have a brief due October 28, 2024, the same day Appellants' brief would be due in this matter if a 21-day extension were granted. There are three attorneys of record that have entered appearances in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why these attorneys could not relieve their obligations in the *Space Expl.* matter.

– *VHS Acquisition Subsidiary Number 7 v. NLRB*, No. 1:24-cv-02577-TNM (D.D.C.): Hearing occurred nearly a month ago. There is one attorney of record that has entered an appearance in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why this attorney could not relieve their obligations in the *VHS* matter.

- *YAPP USA Automotive Systems, Inc.*, *v. Abruzzo*, No. 2:24-cv-12173 (E.D. Mich.): Motions filed nearly a month ago. There are two attorneys of record that have entered appearances in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why these attorneys could not relieve their obligations in the *YAPP* matter.

- *YAPP USA Automotive Systems, Inc.*, *v. Abruzzo*, No. 24-1754 (6th Cir.): No briefs due. There are three attorneys of record that have entered appearances in this matter aside from those that have entered appearances here. Appellants' counsel have not explained why these attorneys could not relieve their obligations in the *YAPP* matter.

In June 2024, in a case involving similar constitutional challenges raised against Appellants, Space Exploration Technologies Corp. ("SpaceX"), the Appellants urged this Court to reconsider granting SpaceX's motion for an extension of time to file its principal brief. *See* Mot. to Reconsider Order Granting Extension of Time to File Brief, *Space Expl. Techs. Corp v. NLRB*, No. 24-40315, ECF No. 70 (5th Cir.) As Appellants explained in that filing, federal law provides that "each court of the United States shall determine the order in which civil actions are heard and determined, *except* that the court shall expedite the consideration of…any action for temporary or preliminary injunctive relief[.]" *Id.* at 2 (citing 28 U.S.C. § 1657 (emphasis added)). In *Space Expl.*, Appellants argued that the 40 days this Court provided SpaceX to submit its principal brief—the same amount of time Appellants were provided in this matter [5th Cir. ECF No. 8]—was sufficient and that SpaceX's arguments supporting its extension request did not overcome the Court's "'obligation' to expedite th[e] case, thanks to Congress's use of the mandatory

5

'shall'" in 28 U.S.C. § 1657. *Id*. (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)).

Appellants emphasized in *Space Expl.* the urgency required for adjudication of the constitutional issues because they enjoined the underlying administrative proceedings in that matter, explaining that "every day that elapses is one spent not making progress in the NLRB's long-awaited—but now enjoined—administrative hearing…." *Id*. at 3. Moreover, Appellants urged the Court to reject SpaceX's argument that its counsel had competing litigation commitments that would interfere with the proposed briefing deadline, as follows:

> "SpaceX's counsel's other litigation commitments do not justify a one-month delay in this appeal…Because this Court is 'a court of review, not of first view,' the legal merits of any preliminary injunction must be considered in the first instance by the district court. *Chamber of Commerce of United States of Am. v. CFPB*, No. 24-10248 (5th Cir. Apr. 30, 2024) (per curiam), slip op. at 2 (quoting *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023)). SpaceX is moreover represented by a firm employing hundreds of attorneys who may presumably, if necessary, be called upon to assist briefing this narrow question."

*Id*. at 4. Appellant National Labor Relations Board (the "Board") employs hundreds of attorneys who all practice the same and only one type of law, any number of whom may be called upon to assist Appellants in this ongoing litigation. Further, as Appellants argued was the case for SpaceX, the Board does not identify which of its "numerous attorneys…are assigned to work on any given project it identifies as falling within the time period of this appeal; as such, it is impossible to assess

whether one or more of those attorneys have sufficient time to complete [Appellants'] opening appellate brief in a timely manner." *Id*. at 4, n.3. The same considerations Appellants argued should counsel against SpaceX receiving what Appellants perceived to be an unreasonable extension of time to file its principal brief in *Space Expl*. should apply to Appellants in this instance.

Appellants also attempt to support their request for an extension of time by claiming they are preparing a motion to consolidate this matter with several other matters pending before this Court. Appellees have already informed Appellants that they oppose the motion to consolidate Appellants intend to file, and such unfiled motion should not delay this brief from being filed.

For the foregoing reasons, Appellants have failed to show good cause to support their requested three-week extension, as is required under this Court's Rules 31.4.1 and 31.4.3.1. Accordingly, Appellees request that the Court grant only the seven-day extension Appellees have agreed to, which is reasonable and sufficient to permit Appellants to complete and submit their briefing, and deny Appellants' request for an excessive 21-day extension.

Respectfully submitted,

s/ *Amber M. Rogers*
Amber M. Rogers
HUNTON ANDREWS KURTH LLP
TX State Bar No. 24056224
arogers@huntonak.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024, I electronically filed this brief with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

s/ *Amber M. Rogers*
Amber M. Rogers
*Counsel for Plaintiffs-Appellees*