**Nos. 24-50627, 24-40533, 24-10855**

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES CORPORATION,

*Plaintiff - Appellee*

v.

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as Board Member of the National Labor Relations Board; JOHN DOE, Administrative Law Judge NLRB,

*Defendants - Appellants*

*consolidated with*

_____

24-40533

_____

ENERGY TRANSFER, L.P.; LA GRANGE ACQUISITION, L.P.,

*Plaintiffs - Appellees*

v.

NATIONAL LABOR RELATIONS BOARD; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in their official capacities as Board Members of the National Labor Relations Board; GWYNNE A. WILCOX, in their official capacities as Board Members of the National Labor Relations Board; DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board; JOHN DOE, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants*

*consolidated with*

————

24-10855

————

AUNT BERTHA, doing business as Findhelp,

*Plaintiff - Appellee*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency;
JENNIFER ABRUZZO, in her official capacity as the General Counsel of
the National Labor Relations Board; LAUREN MCFERRAN, in her official
capacity as the General Counsel of the National Labor Relations Board;
MARVIN E. KAPLAN; GWYNNE A. WILCOX; DAVID M. PROUTY, in their
official capacities as Board Members of the National Labor Relations
Board; JOHN DOE, in their official capacity as an Administrative Law
Judge of the National Labor Relations Board,

*Defendants - Appellants*

On Appeals from the United States District Courts
for the Northern, Southern, and Western Districts of Texas

**SPACEX'S OPPOSITION TO THE RENEWED MOTION TO
INTERVENE BY OFFICE AND PROFESSIONAL EMPLOYEES
INTERNATIONAL UNION (OPEIU)**

SpaceX fully joins the opposition filed by Appellee Aunt Bertha

d/b/a Findhelp to the renewed motion to intervene of Amicus Office and

Professional Employees Internation Union ("OPEIU"), but writes briefly

to offer a few additional points in opposition.[1]

———

[1] At the time of OPEIU's initial motion to intervene in the appeal, the
*Aunt Bertha* appeal (24-10855) had not yet been consolidated with the
*SpaceX* appeal (24-50627). Therefore, SpaceX has not previously
weighed in on intervention. But because the appeals are now consoli-
dated and intervention could result in delays to the resolution of the ap-
peal and additional costs and expenses for SpaceX (depending on what

OPEIU's motion to intervene is a day late and dollar short. The first the parties were aware of any intent by OPEIU to renew its motion to intervene is when counsel for OPEIU emailed the Appellees less than 24 hours before argument stating an intent to seek to stay the argument the next day and renew its motion to intervene. After the Appellees inquired what possible good faith basis OPEIU had for seeking that sort of emergency relief the day before argument when the parties had already traveled and prepared for argument, OPEIU abandoned its plan to seek a stay of the argument and just proceeded with filing a motion to intervene. But it should not have surprised the OPEIU that the NLRB might decline to present argument on the NLRB member removal issue. A week and a half before the scheduled February 5 argument, on January 27, President Trump removed both the NLRB General Counsel and Member Wilcox.[2] OPEIU was on notice then that the NLRB's position on

---

post-intervention actions OPEIU might take), SpaceX now has an interest in opposing OPEIU's intervention.

[2] Given these developments, regardless of any decision by the NLRB to formally file a letter with the Court and the timing of when that letter was filed, it was foreseeable as of January 27 that the NLRB (whose General Counsel is fully accountable to the President and subject to removal) might change position on that issue prior to the presentation of argument.

3

NLRB member removal protections was likely to change, and at that time it still had over a week to seek to participate in the oral argument as an amicus.[3] Yet it waited until the eve of argument to broach its stated concern with the parties and then sought to intervene five hours before the argument. In these circumstances, OPEIU was dilatory in seeking to intervene at the eleventh hour right before argument.

Moreover, it is unclear what OPEIU seeks to accomplish with intervention at this late date. This case has already been fully briefed and argued. OPEIU already participated as an amicus in support of the NLRB. But OPEIU states nothing regarding its intentions for participation in the appeal should its motion to intervene be granted. Will it seek additional briefing? New argument? The Appellees have already invested significant time and resources briefing the appeal and defending the district courts' respective injunctions. The NLRB fully pressed every other aspect of its briefing at oral argument and remains adverse to the

---

[3] Because this Court granted each side an enlarged argument time of 30 minutes, OPEIU could readily have asked the NLRB for some its side's time to present at argument at any point between when Member Wilcox was removed on January 27 and argument on February 5.

Appellees on whether this Court should affirm the district courts' injunctions. Intervention is not warranted here for the reasons stated in Aunt Bertha's opposition. But even it were, there is no need for any further briefing on the NLRB removal protection issue (full briefing has already been presented to this Court) or additional argument—especially on an issue that all Appellees agree is unnecessary to reach in order to affirm the district court injunctions as binding circuit precedent requires.

## CONCLUSION

For all these reasons and the ones set forth in the Aunt Bertha opposition, this Court should deny OPEIU's renewed motion to intervene in the appeal.

Dated:  February 18, 2025

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA  90067
(310) 255-9005

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX  77002
(713) 890-5719

Respectfully submitted,

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 739-3000

*Counsel for Space Exploration Technologies Corp.*

5

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 670 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated:  February 18, 2025          s/ Michael E. Kenneally
                                   MICHAEL E. KENNEALLY

                                   *Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I certify that on 18th day of February, 2025, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated:  February 18, 2025　　　　s/ Michael E. Kenneally
　　　　　　　　　　　　　　　　MICHAEL E. KENNEALLY

　　　　　　　　　　　　　　　　*Counsel for Space Exploration*
　　　　　　　　　　　　　　　　*Technologies Corp.*