**Nos. 24-50627, 24-40533, 24-10855**

## IN THE UNITED STATES COURT OF APPEALS FOR

## THE FIFTH CIRCUIT

24-50627

Space Exploration Technologies Corporation,

*Plaintiff - Appellee,*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants*

consolidated with

_____

24-40533

_____

Energy Transfer, L.P.; La Grange Acquisition, L.P.,

*Plaintiffs-Appellees*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants - Appellants*

consolidated with

_____

24-10855

_____

Aunt Bertha, doing business as Findhelp,

*Plaintiff - Appellee*

v.

National Labor Relations Board; Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board; Lauren M. McFerran, in her official capacity as the Chairman of the National Labor Relations Board; Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, in their official capacities as Board Members of the National Labor Relations Board; John Doe, in their official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants – Appellants*

_____

**LA GRANGE'S OPPOSITION TO THE RENEWED MOTION TO INTERVENE BY OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION (OPEIU)**

_____

Amber M. Rogers
HUNTON ANDREWS KURTH LLP
arogers@hunton.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000

Keenan Judge
HUNTON ANDREWS KURTH LLP
kjudge@hunton.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000

February 18, 2025

*Counsel for Plaintiffs-Appellees*

2

Energy Transfer LP and its subsidiary and employing entity La Grange Acquisition, L.P. (collectively, "La Grange") join the oppositions filed by Appellees Aunt Bertha d/b/a Findhelp and SpaceX to the renewed motion to intervene filed by the Office and Professional Employees International Union ("OPEIU"), but writes separately to address one argument raised by the OPEIU.

The OPEIU asserts that its interests are no longer represented by the National Labor Relations Board ("NLRB") because of its February 3, 2025 letter to the Court. In its letter, the NLRB stated: "[i]n light of [President Trump's] executive actions, Board counsel is not in a position to address the Board-member-removability arguments raised in the government's briefs." However, the first statement counsel for the NLRB made during oral argument on February 5, 2025 was to state that President Trump's removal of NLRB Member Wilcox should result in denial of the respective employers' preliminary injunction motions as they related to removability, that none of the Appellees could demonstrate irreparable harm, and that because of a lack of a quorum with the NLRB there was no need to proceed in any of the cases on an accelerated, preliminary injunction timetable. Other than the quorum argument, these are arguments raised by the NLRB in its opening and reply briefs. Thus, despite the OPEIU's contention and the NLRB's letter, the NLRB

continued to contend that Appellees should be denied a preliminary injunction related to the President's ability to remove NLRB Board Members.

The issue of NLRB removability has been fully briefed by all parties and amici, and argued before a panel. The case is properly before that panel for decision and should not be delayed by the OPEIU's dilatory (and already denied) motion to intervene.

## CONCLUSION

For the foregoing reasons, and those stated in Aunt Bertha and SpaceX's oppositions, La Grange respectfully requests that this Court deny the OPEIU's renewed motion to intervene.

Respectfully submitted,

s/ *Amber M. Rogers*
Amber M. Rogers
HUNTON ANDREWS KURTH LLP
TX State Bar No. 24056224
arogers@hunton.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-979-3000

Keenan Judge
HUNTON ANDREWS KURTH LLP
kjudge@hunton.com
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: 214-695-9142

*Counsel for Energy Transfer LP and La Grange Acquisition, L.P.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2025, I electronically filed this brief with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*s/ Amber M. Rogers*
Amber M. Rogers
*Counsel for Plaintiffs-Appellees*

## **CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitations of Rule 32(a)(7)(B), because it contains 314 words, excluding the parts exempted by Rule 32(f), according to the count of Microsoft Word.

*s/ Amber M. Rogers*
Amber M. Rogers
*Counsel for Plaintiffs-Appellees*

117007.0000017 DMS 350026525v1